IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>        v.<br><br>EJERCITO DE LIBERACION NACIONAL, a/k/a ELN, a/k/a National Liberation Army, and FUERZAS ARMADAS REVOLUCIONARIOS DE COLOMBIA, a/k/a FARC, a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA,<br><br>    Defendants.<br><br>        v.<br><br>Bancolombia Puerto Rico Internacional, Inc.,<br><br>    Garnishee. | CIVIL NO. 13-258 (GAG/SCC) |

### MOTION REQUESTING ORDER FOR WRIT OF GARNISHMENT

**TO THE HONORABLE COURT:**

      Plaintiff, John Doe, by and through their undersigned counsel, respectfully state and pray as follows:

      1.    On January 5, 2012, the Honorable United States Court for the Southern District of Florida entered Final Judgment by Default in the Civil Case No. 10-21517 against against the narco-terrorist organizations Revolutionary Armed Forces of Colombia ("FARC") and Ejercito de Liberacion Nacional ("ELN") awarding Plaintiff the amount totaling Thirty Six Million Eighty Thousand Dollars and zero cents ($36,800,000.00) (the "Judgment"). The Judgment awarded Plaintiff $16,800,000.00 in

compensatory damages, jointly and severally, $10,000,000.00 in punitive damages against FARC, and $10,000,000.00 in punitive damages against ELN. *See* **Docket No. 1-2.**

2.      In order to satisfy the above referenced Judgment, the same was registered before this Honorable Court accordingly on June 21, 2013 and entered onto the CM/ECF on June 24, 2013. *See* **Docket No. 1**.

3.      On December 5, 2013, this Honorable Court first entered Order granting Motion for Execution of Judgment. *See* **Docket No. 4**.

4.      On March 7, 2014, the Hon. Court issued a Writ of Execution of Judgment ordering the "United States Marshal for the District of Puerto Rico… to proceed with execution of the judgment entered on January 5, 2012 by the United States District Court for the Southern District of Florida in Case No. 10-21517-CIV-HUCK, duly registered in this District (Docket No. 1), by virtue of this Writ of Execution and in compliance with the Order copied above, by attachment or seizure of the property of the named defendants in order to secure the effectiveness of the judgment entered against them". *See* **Docket No. 5**.

5.      On June 4, 2014, Plaintiff filed a motion requesting the Hon. Court to issue a post-judgment writ of garnishment concerning the assets of Santiago Bermudez Luque and/or Pedro Antonio Bermudez Sauza held by Bancolombia Puerto Rico Internacional, Inc. ("Garnishee"), pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 ("TRIA"), and Fed. R. Civ. P. 69 and P.R. Laws Ann. Tit 32, Ap. V. R. 56. *See* **Docket No. 6**. In support of its motion, Plaintiff also filed

a copy of the Affidavit of David L. Gaddis as Exhibit I (*see* **Docket No. 6-1**), and the proposed Writs of Garnishments (**Dockets Nos. 6-2 and 6-3**).

6. On June 5, 2014, the Hon. Court entered an order referring Plaintiff's motion for writ of garnishment to the Hon. Magistrate Judge. *See* **Docket No. 7**. However, we must respectfully inform that, as of today, more than 4 months have elapsed without any action.

7. As stated in the aforementioned motion, the Judgment was obtained pursuant to a civil action brought under the Alien Tort Statute, 28 U.S.C. §1350, and Civil RICO, 18 U.S.C. §§ 1961-1698, arising from the FARC and ELN's, international kidnapping, torture and ransom of Plaintiff John Doe. The majority of the Judgment plus interest still remains due and owing. Specifically, Plaintiff has been able to collect $319,205.93. The time for filing an appeal of the Judgment has lapsed.

8. Further, Plaintiff does not believe that the Defendants have in their possession visible property on which levy can be made sufficiently to satisfy the Judgment. Accordingly, the Plaintiff moved for a writ of garnishment against Bancolombia Puerto Rico Internacional, Inc., which has indicated that it has in its possession OFAC Blocked Funds of Santiago Bermudez Luque and/or Pedro Antonio Bermudez Sauza, which are an agency or instrumentality of a terrorist party Defendant subject to execution for the debts of one or both of the judgment debtors pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 ("TRIA"). *See* **Docket No. 6-1** – Affidavit of David L. Gaddis, at ps. 6-8. According to the TRIA, the compensatory portion of judgments against terrorist organizations can be collected from the blocked assets of their agents or instrumentalities. For such reasons, the Plaintiff

–the judgment creditor– has reasonable grounds to believe that the Garnishee is in possession of property that can be executed against to satisfy the Judgment against judgment debtors.

9. In light of the foregoing, Plaintiff –the judgment creditor- seeks a writ of garnishment pursuant to Fed. R. Civ. P. 69 and P.R. Laws Ann. Tit 32, Ap. V. R. 56. Plaintiff is exempt from filing an attachment bond pursuant to Fed. R. Civ. P. 69 and P.R. Laws Ann. Tit 32, Ap. V. R. 56.3(c).

**WHEREFORE**, it is respectfully requested from the Honorable Court to order the issuance of writs of garnishment against Bancolombia Puerto Rico Internacional, Inc. in the forms attached hereto as supplements, and to grant any further relief as is just, fair and equitable.

### CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that, on this date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys for the parties.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 16th day of October 2014.

**S/ISRAEL FERNÁNDEZ-RODRÍGUEZ, ESQ.**
Israel Fernández-Rodríguez
USDC-PR No. 225004

**CASILLAS, SANTIAGO & TORRES, LLC**
*PO Box 195075*
*San Juan, PR 00919-5075*
Tel: (787) 523-3437
E-mail:ifernandez@cstlawpr.com