IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>EJÉRCITO DE LIBERACIÓN NACIONAL, ET AL.,<br><br>Defendant. | MISC. NO.: 13-258(GAG/SCC) |

## MEMORANDUM AND ORDER

In January 2012, the United States District Court for the Southern District of Florida entered judgment in favor of Plaintiff John Doe and against Defendants Ejército Liberación Nacional ("ELN") and Fuerzas Armadas Revolucionarias de Colombia ("FARC"). *See* Docket No. 1-2. Plaintiff registered that judgment in Puerto Rico, Docket No. 1, and a writ of execution was entered, Docket No. 5. Pursuant to § 201 of the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297,

§ 201(a), 116 Stat. 2322, 2337,[1] Plaintiff now seeks a writ of garnishment against certain assets held by Bancolombia Puerto Rico International, Inc. Docket No. 6.

TRIA § 201 provides that where a person has obtained a judgment against a terrorist organization for an act of terror, "the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 722 (11th Cir. 2014). Here, Plaintiff seeks attachment of the assets of Pedro Antonio Bermúdez-Sauza and Santiago Bermúdez-Luque held by Bancolombia Puerto Rico, which funds are blocked by the Office of Foreign Asset Control. *See* Docket No. 6, at 1, 3. According to the affidavit of David L. Gaddis, a former DEA agent with extensive experience in Colombia, Bermúdez-Luque and Bermúdez-Santiago were involved in the trafficking of narcotics between Colombia and Mexico, which activities benefited FARC and ELN. *See*

---

1. Because this "provision is codified as a note to 28 U.S.C. § 1610," I follow the example of the Eleventh Circuit in referring to it as TRIA § 201. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 722 n.1 (11th Cir. 2014).

Docket No. 6-1, at 6–7.

Plaintiff seeks garnishment pursuant to Federal Rule of Civil Procedure 69, which provides that attachment in aid of execution must be done according to state-law procedures. Puerto Rico's Rule 56, which provides those procedures, prohibits attachment without "notice upon the adverse party and a hearing." P.R. LAWS ANN. tit. 32, app. III, R. 56.2. Nothing in Plaintiff's garnishment motion suggests that Bermúdez-Sauza or Bermúdez-Luque have been notified of these proceedings, nor does the motion assert that notice is not required. I note, moreover, that in a recent opinion the Eleventh Circuit has persuasively rejected the notion that TRIA preempts state-law notice requirements regarding garnishment. *See Stansell*, 771 F.3d at 729–30 ("Nothing about the language or purpose of TRIA § 201 indicates that it conflicts with Florida's requirements that owners of property being garnished or executed against are entitled to notice . . . ."). Indeed, the Eleventh Circuit held that due process requires that notice be given to third parties against whom a plaintiff wishes to execute judgment pursuant to TRIA § 201; it further held that such notice should be given as required by Rule 69. *Id.* at 727, 730; *see also United States v. Holy Land Found. for Relief &*

*Dev.*, 722 F.3d 677, 687–88 (5th Cir. 2013) (holding that TRIA § 201 does not operate to preempt general statutes regarding the forfeiture of property, unless those statutes actually conflict with TRIA).

Because Plaintiff has failed to notify Bermúdez-Sauza and Bermúdez-Santiago of these proceedings, I must deny Plaintiff's garnishment motion. In doing so, I do not reach the merits question of whether Bermúdez-Sauza or Bermúdez-Santiago are agents or instrumentalities of FARC or ELN,[2] and so the denial of Plaintiff's motion is without prejudice.[3]

---

2. Without prejudging the merits, I note that the connection between FARC/ELN and Bermúdez-Sauza and Bermúdez-Santiago appears quite tenuous. According to Gaddis's affidavit, the two operated a fleet of aircraft that "moved cocaine from South America directly into Mexico." Docket No. 6-1, at 6. Proceeds from drug sales were then repatriated to Colombia. *Id.* at 7. The affidavit implies that the cocaine coming from South America belongs to the Norte del Valle Cartel, which in turn purchases products from FARC/ELN. *Id.* at 3. Nothing in the affidavit suggests that Bermúdez-Sauza or Bermúdez-Santiago are part of the Norte del Valle Cartel, much less FARC/ELN. Thus, given the tenuous relationship between FARC/ELN and the two putative garnishees, I have serious doubts about whether either Bermúdez can really be considered an agent or instrumentality of FARC/ELN. At the very least, more proof—or better argumentation—will be necessary to prevail in any future garnishment proceedings.

3. I note that a magistrate judge in the underlying lawsuit recommended that a similar request be denied for failure to follow Florida's

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of March, 2015.

       S/ SILVIA CARREÑO-COLL

       UNITED STATES MAGISTRATE JUDGE

---

garnishment procedure. *See Doe v. Ejército Liberación Nacional*, Civ. No. 10-21517, 2013 WL 8170187, at *4 (S.D. Fla. Sept. 12, 2013). The recommendation was adopted on this point. *See* 2013 U.S. Dist. LEXIS 186741, at *5 (S.D. Fla. Nov. 20, 2013). It is frustrating that Plaintiff would knowingly hide such adverse precedent and attempt to induce the court into wrongly granting its *ex parte* garnishment motion.