**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

JOHN DOE,

Plaintiff,

v.

EJERCITO DE LIBERACION NACIONAL, ET AL.,

Defendants.

v.

Bancolombia Puerto Rico Internacional, Inc.,

Garnishee.

MISC. NO. 13-258 (GAG/SCC)

**RENEWED MOTION FOR POST-JUDGMENT WRIT OF GARNISHMENT**

TO THE HONORABLE COURT:

COMES NOW the Plaintiff, John Doe, by and through the undersigned attorney, and very respectfully states and prays as follows:

1. On January 5, 2012, the United States District Court for the Southern District of Florida entered final judgment by default in favor of Plaintiff and against the narco-terrorist organizations Ejercito de Liberacion Nacional ("ELN") and Fuerzas Armadas Revolucionarias de Colombia ("FARC"). *See* **Docket No. 1-2**. Plaintiff registered that judgment in Puerto Rico, (Docket No. 1), and a writ of execution was entered. **Docket No. 5**.

2. Subsequently, Plaintiff requested post-judgment writ of garnishment against Bancolombia Puerto Rico Internacional, Inc., which indicated that it has in its possession funds that are blocked by the Office of Foreign Asset Control pertaining to Santiago Bermudez-Luque ("Bermudez-Luque") and Pedro Antonio Bermudez-Suaza ("Bermudez-Suaza"), pursuant to § 201 of the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337,

and Fed. R. Civ. P. 69 and P.R. Laws Ann. Tit 32, Ap. V. R. 56. *See* **Docket No. 6**. In support of its motion, in order to establish that Bermudez-Luque and Bermudez-Suaza are agents or instrumentalities of a terrorist party defendant, Plaintiff filed a copy of the Affidavit of David L. Gaddis ("Mr. Gaddis"), a former DEA Agent with extensive experience in Colombia. *See* Docket **No. 6-1**. Plaintiff also filed the proposed Writs of Garnishments (*see* **Docket Nos. 6-2 and 6-3**).[1]

3. On March 2, 2015, after evaluating Plaintiff's motion for post-judgment writ of garnishment (**Docket No. 6**), the Honorable Magistrate Judge Carreno Court issued a Memorandum and Order denying without prejudice the same because Plaintiff failed to notify Bermudez-Luque and Bermudez-Suaza of the proceedings. *See* **Docket No. 9**. The Hon. Court also advised, without prejudging the merits of the question as to whether Bermudez-Luque and Bermudez-Suaza are agents or instrumentalities of ELN or FARC, that the connection established was tenuous and that additional proof or better argumentation would be needed to prevail in future garnishment proceedings. ***Id.*****, at fn. 2**.

4. In essence, the Hon. Court held that pursuant to Rule 69 of the Federal Rules of Civil Procedure, attachment in aid of execution must be performed in accordance with state law procedures. In turn, the Court found that Rule 56.2 of the Civil Rules of Procedure of Puerto Rico prohibits attachment without "notice upon the adverse party and a hearing." P.R. Laws Ann. T. 32, App. III, R. 56.2. The Court also noticed that in the recent opinion of the Eleventh Circuit in <u>Stansell v. Revolutionary Armed Forces of Colombia</u>, 771 F.3d 713, at 727 and 729-30 (11th Cir. 2014), essentially, the notion that TRIA preempts state law notice requirements was rejected and that it was held that due process requires that notice be given to third parties against whom a

[1] The request for writ of garnishment was referred to the Hon. Magistrate Judge Carreño- Coll. *See* **Docket No. 7**.

plaintiff wishes to execute judgment pursuant to TRIA § 201, and that such notice should be given as required by Fed. R. Civ. P. 69.[2]

5. In light of the foregoing, Plaintiff respectfully submits a renewed petition for post-judgment writ of garnishment, along with a supplemental affidavit of Mr. Gaddis as **Exhibit I** and the proposed Writs of Garnishments. In compliance with the order of the Court, Fed. R. Civ. P. 69 and Puerto Rico Rule 56.2, Plaintiff hereby certifies that copies of the instant motion along with the aforementioned supporting documents have been notified by certified mail to Bermudez-Suaza and Bermudez-Luque to their last known address described below.

6. According to the Federal Bureau of Prisons, Pedro Antonio Bermudez-Suaza is located at the MDC Brooklyn, Metropolitan Detention Center located at 80 29Th Street, Brooklyn, NY 11232. *See*, **Exhibit II, at pp. 1-2**. In compliance with the instructions for mailing correspondence and parcels to inmates, the notice of the instant motion and supporting documents was sent by certified mail identified as legal material addressed to: Pedro Antonio Bermudez-Suaza, Reg. Number: 76276-053, MDC Brooklyn, Metropolitan Detention Center, P.O. Box 329002, Brooklyn, NY 11232. *See*, **Exhibit II**, **at p. 3**.

7. According to the information in the OFAC Sanctions List Search, Santiago Bermudez-Luque's address is: Camino al Olivo 114, Vista Hermosa, Mexico City, Distrito Federal, Mexico, 05100. *See*, **Exhibit III**. Plaintiff notified copy of the instant motion and supporting documents to Bermudez-Luque by sending the same via certified mail identified as legal material to the aforementioned address.

8. As stated previously, the judgment was obtained pursuant to a civil action brought under the Alien Tort Statute, 28 U.S.C. §1350, and Civil RICO, 18 U.S.C. §§ 1961-1698, arising from

[2] With regards to the Hon. Magistrate Judge's statement at footnote #3 of the order, we humbly apologize for any misunderstanding. It is important to clarify that it has never been the intention to attempt to induce the Hon. Court to error.

the FARC and ELN's, international kidnapping, torture and ransom of Plaintiff. The Judgment awarded Plaintiff $16,800,000.00 in compensatory damages, jointly and severally, $10,000,000.00 in punitive damages against FARC, and $10,000,000.00 in punitive damages against ELN. *See,* **Docket No. 1-2**. The majority of the Judgment plus interest still remains due and owing. Specifically, Plaintiff has been able to collect $319,205.93.

9. Plaintiff does not believe that the Defendants have in their possession visible property on which levy can be made sufficiently to satisfy the Judgment. However, Bancolombia Puerto Rico Internacional, Inc., has indicated that it has in its possession OFAC Blocked Funds of Bermudez-Luque and/or Bermudez-Suaza, whom Plaintiff respectfully posits are agents or instrumentalities of a terrorist party defendant pursuant to Section 201(a) of TRIA for the reasons discussed below.[3]

10. In Stansell v. Revolutionary Armed Forces of Colombia, 771 F.3d at 723-24 and 730-32, the Eleventh Circuit noted TRIA does not define the term "agency or instrumentality." However, after a thorough analysis of the purpose behind TRIA, as well as the arguments of the parties, the Eleventh Circuit quoted with apparent approval the definition applied by the District Court in that case which reads as follows:

> Any SDNT . . . , including all of its individual members, divisions and networks, that is or was ever involved in the cultivation, manufacture, processing, purchase, sale, trafficking, security, storage, shipment or transportation, distribution of FARC coca paste or cocaine, or that assisted the FARC's financial or money laundering network, . . . because it was either:
>
> (1) materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the international narcotics trafficking activities of . . . [FARC]; and/or

[3] In its pertinent part, section 201(a) of TRIA provides as follows:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

> (2) owned, controlled, or directed by, or acting for or on behalf of, . . . [FARC]; and/or (3) playing a significant role in international narcotics trafficking [related to coca paste or cocaine manufactured or supplied by the FARC]. Stansell, 771 F.3d at 724, fn. 6.

11. In the instant case, Plaintiff respectfully posits that the supplemental affidavit of Mr. Gaddis establishes that Bermudez-Suaza and Bermudez-Luque are "agents or instrumentalities" of FARC. To that effect, Mr. Gaddis explained that he joined the Federal Drug Enforcement Administration ("DEA") in February 1986 and, in his subsequent assignment, was assigned to the DEA Miami Field Division; the DEA's Office of International Operations drug interdiction program, known as Operation SNOWCAP, whit extended TDY assignments in South and Central America, and San Jose, Costa Rica, where he worked as a Criminal Investigator in Costa Rica and Nicaragua, focusing on Colombian drug trafficking organizations. *See,* **Docket No. 6-1, at ¶2**.

12. In 1995, Mr. Gaddis was promoted and assigned to the Hermosillo, Mexico, Resident Office where he served as the Resident Agent in Charge. *See,* **Docket No. 6-1, at ¶2**. Three years later he was assigned to DEA Headquarters in Washington, D.C., serving as Staff Coordinator and Section Chief in the Mexico and Central America Section, Office of International Operations. ***Id.*** In 2000, he assumed the position of Deputy Chief of International Operations. ***Id.*** Mrs. Gaddis was later assigned to the Senior Executive Service as Regional Director for DEA's Andean Region in Colombia, Venezuela, Ecuador and Peru. ***Id.*** From 2003 until 2006, Mr. Gaddis worked as the DEA Special Agent in charge in Colombia and as DEA's Regional Director in Colombia. **Exhibit I– Supplemental Affidavit of Mr. Gaddis, at ¶3**. As the DEA Regional Director in Colombia, Mr. Gaddis supervised enforcement operations for high-value targets of the FARC and drug trafficking cartels such as, for example, Norte del Valle Cartel. *See*, **Docket No. 6-1, at ¶2**.

13. From 2006 until 2009, Mr. Gaddis was DEA's Regional Director for Canada, Mexico, and Central America based in Mexico City, Mexico. *See,* **Exhibit I**, **at ¶3**. Mr. Gaddis was in

charge of the DEA in Mexico City in October 2008, when Bermudez-Suaza (alias "*El Arquitecto*") was arrested by Mexican authorities on charges related to drug trafficking and money laundering. **Exhibit I**, **at ¶3-4**; *see*, *also*, **Docket No. 6-1, at ¶22**. Mr. Gaddis has personal knowledge of the Bermudez-Suaza drug trafficking operation, which was a major conduit of cocaine between the Colombian and Mexican cartels that moved drugs from South America to Mexico from 2006 to 2008. **Exhibit I**, **at ¶3-4**.

14. As explained by Mr. Gaddis, Bermudez-Suaza and his son Bermudez-Luque operated through numerous companies, which assets included a fleet of jet aircraft that was used to transport cocaine from South America directly into Mexico. **Exhibit I**, **at ¶4 and ¶6**; *see*, *also*, **Docket No. 6-1, at ¶22-¶23**. On September 24, 2007, one of such planes carrying approximately 3.7 metric tons of cocaine crashed-landed in Mexico and, as a result, the Mexican government seized the drugs. **Exhibit I**, **at ¶4**; *see*, *also*, **Docket No. 6-1, at ¶22**. The source of the cocaine was the FARC's 59th Front, which operated along the contiguous provinces of Apure in Venezuela and Arauca/Vichada in Colombia. **Exhibit I**, **at ¶5**. According to Mr. Gaddis' knowledge of the source of cocaine product, approximately 90% of the cocaine introduced into that region was produced by the FARC. ***Id.*** In light of that transaction of 3.7 metric tons of the FARC's cocaine, in addition to the fact that Bermudez-Suaza's organization transported massive amounts of cocaine produced by the FARC, Mr. Gaddis concluded that it is evident that Bermudez-Suaza played a key role in the distribution of cocaine for the FARC. ***Id.***

15. Furthermore, Bermudez-Luque was part of the Bermudez-Suaza organization's mechanism for laundering proceeds generated by the sale of FARC's cocaine, and aided his father's international drug smuggling enterprises by managing shell business and storefronts that covered unlawful investments with those funds. **Exhibit I**, **at ¶6**; *see*, *also*, **Docket No. 6-1, at ¶22-¶24**.

16. On May 27, 2009, the Acting Director of the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC"), in consultation with the Attorney General and Secretary of State, and the Secretary of the Homeland Security, designated Bermudez-Suaza and Bermudez-Luque as Specially Designated Narcotics Traffickers ("SDNT"). *See*, Federal Register, Vol. 74, No. 104, pages 26473-26474.[4]

17. In light of the foregoing, and the standard upheld by the Eleventh Circuit in Stansell, 771 F.3d at 723-24, Plaintiff respectfully posits that Bermudez-Suaza and Bermudez-Luque are "agents or instrumentalities" of FARC since they are both designated SDNT that were "involved in the trafficking or transportation of FARC… cocaine"; and/or "assisted the FARC's financial or money laundering network…" because they were "playing a significant role in international narcotics trafficking [related to coca paste or cocaine manufactured or supplied by the FARC]." Stansell, 771 F.3d at 724, fn. 6; *see*, *also*, **Exhibit I**, **at ¶4-¶6**.

18. For such reasons, Plaintiff respectfully seeks a writ of garnishment pursuant to TRIA § 201(a), Fed. R. Civ. P. 69 and P.R. Laws Ann. Tit 32, Ap. V. R. 56. Plaintiff is exempt from filing an attachment bond pursuant to P.R. Laws Ann. Tit 32, Ap. V. R. 56.3(c).

**WHEREFORE**, it is respectfully requested from the Honorable Court to order the issuance of writs of garnishment against Bancolombia Puerto Rico Internacional, Inc., in the forms attached hereto as supplements, and to grant any further relief as is just, fair and equitable.

**CERTIFICATE OF SERVICE**

**IT IS HEREBY CERTIFIED** that, on this date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys for the parties; and that, on this date, a true and exact copy of the foregoing motion along with its Exhibits and copies of the proposed Writs of Garnishment were served by certified mail

[4] The cited portion of the Federal Register, Vol. 74, No. 104, is also available at the following Web address: http://www.gpo.gov/fdsys/pkg/FR-2009-06-02/html/E9-12799.htm.

identified as legal material addressed to: Pedro Antonio Bermudez-Suaza, Reg. Number: 76276-053, MDC Brooklyn, Metropolitan Detention Center, P.O. Box 329002, Brooklyn, NY 11232; and to Santiago Bermudez-Luque, Camino al Olivo 114, Vista Hermosa, Mexico City, Distrito Federal, Mexico, 05100.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 9th day of April 2015.

CASILLAS | SANTIAGO | TORRES LLC
*Attorneys at Law*

PO Box 195075
San Juan, PR 00919-5075
Tel: (787)523-3439/3437
ifernandez@cstlawpr.com

*S/ISRAEL FERNÁNDEZ RODRÍGUEZ*
ISRAEL FERNÁNDEZ RODRÍGUEZ
USDC-PR No. 225004